**FILED**

June 10, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____NM_____
DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **PAULINA NZAU NSIBU,** | § | |
| **Petitioner,** | § § § | |
| **v.** | § § | **CIVIL NO. SA-26-CV-2788-OLG** |
| **TODD BLANCHE** *et al.*, | § § § | |
| **Respondents.** | § § | |

### O R D E R

Pending before the Court is Petitioner Paulina Nzau Nsibu's Petition for Writ of Habeas Corpus (Dkt. No. 1), to which Respondents filed a response (Dkt. No. 4), and Petitioner filed a reply (Dkt. No. 5). After careful consideration, the Petition (Dkt. No. 1) is **GRANTED IN PART** as set forth below.

### I.     BACKGROUND

The material facts of this case are not in dispute. Petitioner is a native of Angola. *See* Dkt. Nos. 1 at 5, 17; 4 at 2; 4-1 at 1. In 1993, she was admitted to the United States on an F-2 visa. *See* Dkt. Nos. 1 at 5, 17; 4 at 2; 4-1 at 1. On January 1, 2000, Petitioner was granted temporary protected status, which expired in 2003. *See* Dkt. Nos. 4 at 2; 4-1 at 1. On March 14, 2005, Petitioner was ordered removed from the United States to the United Kingdom or, in the alternative, Angola. *See* Dkt. No. 1 at 23. However, Immigration and Customs Enforcement ("ICE") could not obtain the travel documents necessary effectuate her removal. *Id.* at 5. As a result, Petitioner was released under an Order of Supervision ("OSUP"). *Id.* at 29–31.

For the following two decades, Petitioner complied with the conditions of her release. *Id.* at 5. But on October 15, 2025, ICE re-detained her. *See* Dkt. Nos. 1 at 5; 4 at 2; 4-1 at 2. She has remained in ICE custody ever since.

## II.   LEGAL STANDARD

A district court may issue a writ of habeas corpus when a federal detainee is held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). While many statutory provisions limit judicial review in the immigration context, "habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention." *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001).

## III.   ANALYSIS

"Once an alien is ordered removed, the Department of Homeland Security ("DHS") must physically remove [her] from the United States within a 90-day 'removal period.'" *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021) (citing 8 U.S.C. § 1231(a)(1)(A)). During the 90-day removal period, detention is mandatory, *see id.* (citing 8 U.S.C. § 1231(a)(2)); however, "[u]pon expiration of the removal period, the Government may continue to detain certain aliens or release them under conditions of supervision," *Abuelhawa v. Noem*, --- F. Supp. 3d ---, 2025 WL 2937692, at *4 (S.D. Tex. Oct. 16, 2025) (citing 8 U.S.C. § 1231). "Although the statute does not specify a time limit on how long DHS may detain an alien in the post-removal period," post-removal detention may last no longer than what is "reasonably necessary to bring about the alien's removal." *Guzman Chavez*, 594 U.S. at 529 (quoting *Zadvydas*, 533 U.S. at 689). Recognizing that not all reasonably foreseeable removals can be accomplished within the three-month removal period, the Supreme Court has generally held that such detentions are "presumptively reasonable" for up to "six months." *Zadvydas*, 533 U.S. at 701. After that point, release is required if "there is no significant likelihood of removal in the reasonably foreseeable future." *Guzman Chavez*, 594 U.S. at 529 (citation omitted).

Petitioner asserts a *Zadvydas* claim.[1] Respondents argue that Petitioner bears the initial burden of demonstrating "good reason" to believe that removal is unlikely. *See* Dkt. No. 4 at 3–5. Respondents are mistaken. As the Court has repeatedly held, "because this case involves a re-detention based on an OSUP revocation, . . . it is Respondents' burden to show a significant likelihood that Petitioner may be removed." *See Momin v. Noem*, No. SA-25-CV-1017-OLG, Dkt. No. 19 at 3–4 (W.D. Tex. Jan. 8, 2026) (citation modified). They have failed to meet that burden here.

Respondents assert that "removal [is], in fact, likely in the reasonably foreseeable future." Dkt. No. 4 at 2. But the record does not support their assertion. Respondents' efforts to obtain Petitioner's travel documents have long been thwarted and, without those documents, they cannot effectuate her removal. *See* Dkt. Nos. 1 at 5; 5 at 3; *see also* Dkt. No. 4-1 at 2 ("ICE is continuing to work with the Government of Angola to obtain a document on her behalf and there is a significant likelihood of removal in the reasonably foreseeable future."). And Respondents provide virtually no evidence suggesting that they will be successful this time.[2] In any event, Respondents' "burden to furnish evidence demonstrating that removal is likely in the reasonably foreseeable future is not met by a pending request for travel documents, alone." *Trejo v. Warden of ERO El Paso E. Montana*, No. 25-CV-401-KC, 2025 WL 2992187, at *5 (W.D. Tex. Oct. 24, 2025).

### IV.    CONCLUSION

Because Respondents have failed to demonstrate that Petitioner's removal is likely in the reasonably foreseeable future, the Petition (Dkt. No. 1) is **GRANTED IN PART** in that

---

[1]Petitioner asserts other claims in her Petition. *See* Dkt. No. 1 at 11–13. Because the Court grants relief on *Zadvydas* grounds, it declines to reach those claims.

[2]Respondents represent that they cannot obtain travel documents without locating Petitioner's birth certificate—a task which has proved fruitless thus far. *See* Dkt. Nos. 4 at 2; 5 at 3.

Respondents shall **RELEASE** Petitioner under conditions of release similar to those contained in her prior OSUP within **48 hours of the entry of this Order**

The Petition (Dkt. No. 1) is **DENIED IN PART** to the extent Petitioner seeks to recover attorney fees under the Equal Access to Justice Act. *Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023) ("[T]he EAJA does not authorize attorney's fees for successful 28 U.S.C. § 2241 motions."), *cert. denied*, 144 S. Ct. 553 (2024).

This case is **CLOSED**.

**IT IS SO ORDERED**.

**SIGNED** on June ____10____, 2026.

ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE